UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELAINE KABAT | * | CIVIL ACTION |
| | * | |
| | * | NO. 24-1721 |
| VERSUS | * | |
| | * | DIVISION: "1" |
| MYERS-HOLUM, INC. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

## Order & Reasons

Before the Court is Defendant's Motion to Dismiss on the basis that plaintiff's complaint was untimely filed 91 days after she received her EEOC Right to Sue letter. (Rec. Doc. 13).[1] Plaintiff opposes the Motion. (Rec. Doc. 14). Defendant filed a Reply Brief in Support of their Motion to Dismiss. (Rec. Doc. 16). For the following reasons, the Motion to Dismiss is **GRANTED**.

## Background

Plaintiff, Elaine Kabat, was a delivery manager for the Stripe Team of Defendant corporation Myers-Holum, Inc. Kabat began her employment with Myers-Holum on May 16, 2022. She assumed responsibility for twenty employees, an allegedly higher number of employees than delivery managers of other teams were responsible for. Despite being responsible for a high number of employees as compared to others in her position, Kabat had no issues handling her workload and received no complaints from Dave Chu, the manager of the Stripe Team. (Rec. Doc. 1, at 3).

---

[1] The District Court referred the motion to the undersigned under 28 U.S.C. § 636(c) upon the written consent of all parties. (Rec. Doc. 18).

1

In October of 2022, Darius Kemeklis replaced Chu as the manager of the Stripe Team. Shortly thereafter, Kemeklis sent Kabat numerous instant messages via Slack concerning work assignments for which she had not previously been responsible. Kabat scheduled a conference call with Kemeklis to clarify her work assignments and his expectations for her, as she felt that these new work assignments were a completely different job from the one that she was hired to perform. During that call, Kemeklis allegedly demeaned and belittled Kabat, stated that she was not qualified for her job, and said that she did not have the technical acumen to perform her job as delivery manager. (Rec. Doc. 1, at 3-4).

In response to the call, Kabat immediately sent an instant message to Kelly Fox, the Myers-Holum Human Resources Manager. On October 6, 2022, Fox and Kabat met via Zoom meeting where Kabat made a formal complaint concerning the call with Kemeklis and explained that Kemeklis spoke to her in a demeaning manner because she is female. Kabat claims Fox told Kabat that she was horrified by Kemeklis' actions during the phone call and that she would take action to address Kabat's complaint. Following their meeting, Kabat never heard back from Fox despite Kabat's several attempts to contact Fox concerning the status of her complaint. (Rec. Doc. 1, at 4-5).

The Complaint alleges that on October 13, 2022, Kemeklis scheduled a meeting with Kabat for 8:30 a.m. on October 14, 2022, that had no indicated purpose. On October 14, 2022, at 7:30 a.m. Kabat sent Fox a Slack message that Fox ignored. Shortly before the October 14, 2022 meeting, the title of the meeting was changed by Kemeklis from "Meeting with Elaine" to "HR – Elaine – Term" and Fox was added to the meeting. During that meeting, Kabat was fired by Kemeklis. The reason given was that Myers-Holum was now "eliminating her position" as delivery manager. (Rec. Doc. 1, at 5).

2

Kabat claims the position of delivery manager was not eliminated. Instead, Kabat was replaced by four delivery managers, all of whom are male, and three of whom worked for Kabat prior to her termination. At the time of Kabat's termination, two other women were demoted or fired from Myers-Holum. *Id.*

Following these events, Kabat made claims of sexual discrimination in employment and retaliation against Myers-Holum under Title VII of the Civil Rights Act of 1964. As required by Title VII, Kabat filed a Charge with the Equal Employment Opportunity Commission ("EEOC") prior to instituting her action. The EEOC emailed Kabat her Determination and Notice of Suit Rights "after regular business hours," at 6:04 p.m., on April 9, 2024. The EEOC's Determination noted that Kabat was required to file her Complaint within 90 days of receipt of her Notice of Suit Rights, and that failure to do so would result in loss of her right to sue based on this Charge. Kabat filed her Complaint on July 9, 2024 – 91 days after the EEOC's email of their Determination and Notice of Suit Rights. Myers-Holum now moves to Dismiss Kabat's Complaint based on the untimeliness of that filing. (Rec. Doc. 13-1 at 2-3).

## Law and Analysis

### 1. *Standard on a Motion to Dismiss*

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Id.* (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Fifth Circuit has recognized that the court may also consider documents attached to a motion to dismiss by the defendant if they are referred to in the plaintiff's complaint and central to her claim. *Id.* at 498-99. For example, in *Carter v. Target Corp.*, the court held that the district court was permitted to consider the EEOC charges attached to the defendant's motion to dismiss because they were referenced in the plaintiff's complaint and were central to plaintiff's claim. 541 F. App'x 413, 417 (5th Cir. 2013).

### 2. Timeliness of the Complaint under Title VII

Before bringing a suit in court, an employment discrimination plaintiff must exhaust administrative remedies, which occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Title VII requires that a plaintiff file suit within ninety days of receipt of an EEOC right-to-sue letter. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. § 2000e-5(f)(1)). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor,* 296 F.3d at 379.

Courts within the Fifth Circuit have found that a claimant's receipt of the EEOC's notice via email begins the 90-day limitation period. *See, e.g., Harrison v. Mayorkas*, No. CV 21-161, 2022 WL 2237135, at *2-3 (E.D. La. June 21, 2022) (holding that 90-day limitation period began to run from receipt of EEOC email, even when the email was not read on that date); *Boyd v. Monroe City Hall*, No. 20-1473, 2021 WL 1305385, at *4 (W.D. La. Mar. 8, 2021) (holding that EEOC email of determination notice triggered 90 day period, even when email was deposited in plaintiff's spam folder). "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Taylor*, 296 F.3d at 376 (citing *Butler v. Orleans Parish School Board,* No. CV 00-0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses).

In its Motion to Dismiss, Myers-Holum argues that Kabat's claims should be dismissed for failure to file suit within ninety days after receiving the Determination and Notice of Suit Rights, as required by Title VII. It is undisputed that the EEOC emailed Kabat her Determination and Notice of Suit Rights[2] on April 9, 2024, and, in that document, noted that Kabat had 90 days from receipt to file her complaint. Myers-Holum asserts that because Kabat filed her complaint on July 9, 2024, ninety-one days after her receipt of her Notice of Suit Rights, the filing of Kabat's complaint was indisputably untimely.

---

[2] Pursuant to Fifth Circuit case law, the Court may consider the EEOC Determination and Notice of Rights in considering the Motion to Dismiss. The EEOC Determination and Notice of Rights is referred to in Plaintiff's complaint, attached to Defendant's Motion to Dismiss, and is central to Plaintiff's claim. *See Collins,* 224 F.3d 496, 498-9 (5th Cir. 2000) (recognizing that the court may also consider documents attached to a motion to dism**iss** by the defendant if they are referred to in the plaintiff's complaint and central to her claim).

In her Opposition to the instant Motion to Dismiss, Kabat argues that, because she received the EEOC email "after regular business hours," the doctrine of equitable tolling should apply to allow a filing within ninety days of the first business day following the after-hours email. Myers-Holum, in its Reply, asserts that there is no such "after hours exception" and that the equitable tolling doctrine does not apply to the facts at issue here, rendering Kabat's complaint untimely.

"In the context of Title VII claims, '[t]he ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations ... [and thus] is subject to equitable tolling.'" *Godfrey v. First Student*, No. CV 23-7377, 2024 WL 4268401, at *4 (E.D. La. Sept. 23, 2024) (quoting *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). However, equitable tolling applies "only in rare and exceptional circumstances" and courts should apply it "sparingly." *Id.* (citing *In re Deepwater Horizon*, No. 20-30673, 2021 WL 4888395, at *2 (5th Cir. Oct. 19, 2021)); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). A recent summary of Fifth Circuit decisions stated: "the Fifth Circuit has articulated three potential bases for equitable tolling in employment discrimination cases: '(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights.'" *Whitfield v. Pere Antoine, LLC*, No. CV 24-806, 2024 WL 4362987, at *7 (E.D. La. Oct. 1, 2024).

The Fifth Circuit has noted this list is not exhaustive, and that there may be other bases that warrant equitable tolling. *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 381 (5th Cir. 2019). However, importantly, "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 111 (1990). Likewise, courts have declined to extend the doctrine of equitable tolling to a variety of

6

other bases outside those recognized by the Fifth Circuit. *Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 207 (5th Cir. 2017) (rejecting claim of equitable tolling by plaintiffs alleging that extreme personal hardships precluded them from filing suit); *McHenry v. Kean Miller LLP*, No. CV 22-1581, 2022 WL 4465951 (E.D. La. Sept. 26, 2022) (declining to extend the filing deadline based on intermittent holidays); *Harrison,* 2022 WL 2237135, at *2-3 (declining to apply equitable tolling where a plaintiff filed his complaint one day late).

The Court is unconvinced that it should extend the doctrine of equitable tolling to cover the present circumstances, *i.e.*, an email received "after business hours." Kabat argues that this Court should apply equitable tolling here but does not point to any authority in support of that proposition.[3] This Court's search also revealed no such authority. To the contrary, cases in this District suggest that the doctrine of equitable tolling should be construed narrowly and applied rarely. When extension is warranted, it is typically in scenarios dissimilar to the instant case. *Godfrey*, 2024 WL 4268401, at *4 ("Courts have typically extended equitable tolling where 'the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'"). Furthermore, Kabat provides no explanation for the late filing, suggesting that this is simply "a garden variety claim of excusable neglect."

Kabat has failed to meet her burden of demonstrating her entitlement to tolling. The Court declines to extend the doctrine of equitable tolling beyond the parameters established by the Fifth Circuit to cover notices received by email outside of business hours. Accordingly, Kabat's complaint was untimely, warranting dismissal.

---

[3] Kabat cites one case in her opposition, standing for the proposition that equitable tolling allows for the tolling of a limitations period when there is a question as to whether the EEOC provided adequate notice of the complainant's right to sue. (Rec. Doc. 14 at 2). However, she goes on to admit that she received adequate notice here.

**Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. 13) is hereby **GRANTED**.

New Orleans, Louisiana, this 6th day of January, 2025.

                                            Janis van Meerveld
                                  United States Magistrate Judge